UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| ZBIGNIEW MATYSIAK,<br><br>    Plaintiff,<br>v.<br><br>THE SPECTRUM SERVICES COMPANY,<br>INC. and MATTHEW M. SHAMAS,<br><br>    Defendants. | 3:10-cv-01841 (CSH) |

**RULING ON DEFENDANTS' PARTIAL MOTION TO DISMISS**

**HAIGHT, Senior District Judge:**

  This is an action by Plaintiff Zbigniew Matysiak (hereinafter "Plaintiff") against Defendants The Spectrum Services Company, Inc. and Matthew M. Shamas (hereinafter "Defendants") arising out of an alleged failure on the part of his former employer either to pay Plaintiff what Plaintiff avers are mandatory prevailing wages on public works projects, or to pay Plaintiff overtime pay for those weeks in which Plaintiff states he worked more than forty hours.  Plaintiff's Amended Complaint, which states that at all times relevant to this lawsuit Plaintiff was an employee of Defendants, alleges three counts: (1) violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (hereinafter "FLSA") and the overtime wage payment provisions of Connecticut law, Conn. Gen. Stat. § 31-58, *et seq.*; (2) violations of the Connecticut prevailing wage statutes, Conn. Gen. Stat. § 31-53, *et seq.*; and (3) violations of the Connecticut Unfair Trade Practices Act (hereinafter "CUTPA"), Conn. Gen. Stat. § 42-110a, *et seq.*

  Plaintiff's initial Complaint in this matter was filed *pro se* on November 24, 2010 against a

defendant Plaintiff referred to as "Spectrum Services," *see* [Doc. 1], and an Amended Complaint was filed on October 28, 2013, several months after Plaintiff's current counsel filed a Notice of Appearance with the Court.  *See* [Doc. 53]; [Doc. 29].  Defendants filed a Partial Motion to Dismiss on August 28, 2013, [Doc. 48], to which Plaintiff filed a memorandum in opposition, [Doc. 50]. Defendants filed a brief in reply to Plaintiff's opposition, [Doc. 51], and thus this matter is ripe for adjudication. While some of this briefing took place prior to the filing of Plaintiff's Amended Complaint, the Court, in an October 15, 2013 Order granting Plaintiff's Motion for Joinder and for Permission to File a First Amended Complaint, noted "Defendants' apparent consent to [Plaintiff's aforementioned] motion," as, "[r]ather than file an opposition memorandum, ... Defendants filed [their] Partial Motion to Dismiss," the subject of the Ruling now before this Court, a pleading which "repeatedly refer[ed] to Plaintiff's [then-proposed] Amended Complaint as the operative complaint in this action," and, further, "Defendants ha[d] also both altered the case caption and referred to Matthew ... Shamas – whom Plainitff sought to join as a Defendant in this matter – as a Defendant, further reflecting their consent to Plaintiff's Motion for Joinder and for Permission to File a First Amended Complaint." [Doc. 52].   Consequently the Court construes all pleadings concerning Defendants' Partial Motion to Dismiss to pertain to the Amended, and operative, Complaint in this action.

      In their Partial Motion to Dismiss, Defendants, pursuant to Fed. R. Civ. P. 12(b)(6), "move to dismiss Count III of ... Plaintiff's Amended Complaint because ... Plaintiff's claims under [CUPTA] are barred as [these] allegations fall under the Fair Labor Standards Act, 29 U.S.C. § 203(e)(1), and Connecticut Gen.[] Stat.[] § 31-58 and 31-71a(2) and alleged employment and wages claims cannot be asserted as CUTPA claims." [Doc. 48] at 1.  "Defendants assert that an alleged

employer-employee relationship is distinctly a wage-based claim that unequivocally does not fall within the purview of CUTPA," as, "[a]s a matter of law, matters that relate to the employer-employee relationship do not fall within the purview of CUTPA insomuch as violations of Conn. Gen. Stat. § 42-110b(a) must involve and constitute trade or commerce and must fall within the defendants' primary business."  *Id.*; [Doc. 49] at 4 (citing *Pergament v. Green*, 32 Conn. App. 644 (Conn. App. Ct. 1993)).  Thus, Defendants contend, "[w]here a plaintiff has not asserted a claim that the defendant utilized anti-competitive actions in trade or commerce, outside of the scope of the employment relationship, no CUTPA claim exists." [Doc. 49] at 4 (citing *Drybrough v. Acxiom Corp.*, 172 F.Supp. 2d 366, 369 (D.Conn. 2001)).

Plaintiff unsurprisingly disagrees with Defendants' assessments of the legal merits of his CUTPA claim and avers that "[c]ontrary to the [D]efendant[s'] unfounded and unsupported assertions, ... [P]laintiff has pled sufficient facts to satisfy each element of a proper CUTPA claim." [Doc. 50] at 3.  Plaintiff points to his Amended Complaint, which alleges that "[e]ach time ... [P]laintiff worked on a public works project, ... [D]efendants paid him only his regular rate and not the much higher prevailing wage and benefit rates set by the Connecticut Commissioner of Labor in accordance with Conn. Gen. Stat. §§ 31-53 and 31-53a," and that Defendants, who "routinely falsified forms WWS-CP1, Payroll Certifications for Public Works Projects, to the contracting government agencies[,] ... did not report the hours worked by and wages paid to ... [P]laintiff and other employees on those projects, but instead certified that prevailing wages had been paid to persons who did not actually work on those projects." [Doc. 53] at 4-5.  The Amended Complaint further states that Defendants "repeatedly certified that prevailing wages were being paid to all employees on public works projects but instead retained the prevailing wage premiums as profit.

3

The [D]efendants [therefore] engaged in unfair and deceptive business practices, in violation of Conn. Gen. Stat. § 42-110b, by undercutting their competitors and bilking the taxpayers." *Id.* at 8. Given the language and allegations contained in his Amended Complaint, Plaintiff avers that he has sufficiently "alleged that ... [D]efendants used specific unfair and deceptive business practices in the conduct of their trade or commerce that were outside of their employment relationship with [him]." [Doc. 50] at 3.

    A motion to dismiss for a failure to state a claim upon which relief can be granted is brought under Fed. R. Civ. P. 12(b)(6). Such a motion must be decided on "facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and [] matters of which judicial notice may be taken." *Lunardini v. Massachusetts Mut. Life Ins. Co.*, 696 F.Supp. 2d 149, 155 (D. Conn. 2010) (citing *Leonard F. v. Israel Disc. Bank of N.Y.*, 199 F.3d 99, 107 (2d Cir. 1999) and *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007)). A court's focus on a motion to dismiss under Rule 12(b)(6) is "not whether the plaintiff will ultimately prevail but whether the plaintiff is entitled to offer evidence to support the claims." *Villager Pond, Inc. v. Town of Darien*, 56 F.3d 375, 378 (2d Cir. 1995). For this reason, when "deciding a motion to dismiss under Rule 12(b)(6), the court must accept as true all factual allegations in the complaint and must draw inferences in a light most favorable to the plaintiff." *Moore v. Mara*, 3:08-CV-01946, 2010 WL 3270223 at *3 (D. Conn. August 17, 2010). However, while a complaint need not contain detailed factual allegations to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), it will not suffice if it merely "tenders naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). Thus a plaintiff must do more than provide labels and conclusions; "a formulaic recitation of the

elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 555. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. at 678 (internal quotation marks and citation omitted).

In sum, the overarching function of a motion to dismiss "is merely to assess the legal feasibility of the complaint, not to assay the weight of evidence which might be offered in support thereof" and, accordingly, the "issue on a motion to dismiss is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support his claims." *Bici v. Napolitano*, No. 3:10-CV-01991, 2012 WL 642781 at *1 (D. Conn. Feb. 28, 2012) (internal quotation marks omitted) (quoting *Mytych v. May Dept. Store Co.*, 34 F.Supp. 2d 130, 131 (D. Conn. 1999) and *United States v. Yale New Haven Hosp.*, 727 F.Supp. 784, 786 (D. Conn. 1990)).

The CUTPA is a remedial statute which provides that "[n]o person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce," *see* C.G.S.A. § 42-100b(a) and (d), and, further, that "[a]ny person who suffers any ascertainable loss of money or property ... as a result of the use or employment of a method, act or practice prohibited by section 42-110b, may bring an action ... to recover damages." C.G.S.A. § 42-110g(a). "In determining whether a method, act, or practice is unfair or deceptive under CUTPA, Connecticut has adopted the 'Cigarette Rule' used by the Federal Trade Commission: (1) whether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by the statutes, the common law, or otherwise – whether, in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes

substantial injury to consumers" – or to "competitors or other business men." *Gersich v. Enterprise Rent A Car*, No. 3:96-CV-01053, 1995 WL 904917 at *3 (D.Conn. Nov. 20, 1995) (citing *Conway v. Prestia*, 191 Conn. 484, 492-93 (Conn. 1983) (some internal quotation marks omitted)); *see also* C.G.S.A. § 42-110b(b).

Connecticut courts have consistently held that CUPTA is to be liberally construed within certain confines. The statute, while it pertains to unfair trade practices, "imposes no requirement of a *consumer* relationship" and is" not limited to conduct involving consumer injury;" accordingly, "a competitor or other business person can maintain a CUTPA cause of action without showing consumer injury." *Larsen Chelsey Realty Co. v. Larsen*, 232 Conn. 480, 495-96 (Conn. 1995) (emphasis added). Thus "although consumers were expected to be a major beneficiary of [CUTPA's] passage, the act was designed to provide protection to a much broader class." *Id.* at 497. The CUTPA does not, however, apply to those matters which fall outside of trade and commerce, including those which are strictly of an employer-employee nature.

In support of his contention that his CUTPA claim – i.e., Count Three of his Amended Complaint – was properly brought, Plaintiff points to the language of the statute itself, which provides that "*[a]ny person* who suffers any ascertainable loss of money or property ... as a result of the use or employment of a method, act or practice prohibited by section 42-110b, may bring an action ... to recover damages." *See* [Doc. 50] at 3 (quoting C.G.S.A. § 42-110g(a)). Indeed, Plaintiff contends, he has alleged both that the conduct at issue constituted an unfair or deceptive trade practice, and that he has suffered damages due to this conduct; therefore, his claim ought to be allowed to survive Defendants' motion for dismissal and instead proceed. *Id.*

The Court does not agree. In Connecticut, as noted *supra*, claims "arising from the employer-

employee relationship fall outside the ambit of the phrase trade or commerce and, thus, cannot [on their own] constitute a cognizable CUTPA violation." *Derosier of Greenwich v. Shumway Captial Partners*, FST-CV-05-4004621, 2006 WL 1680063 at *5 (Conn. Super. May 30, 2006) (citations and internal quotation marks omitted). Thus "although an employer may engage employees for the purpose of promoting trade or commerce, the actual employment relationship is not itself trade or commerce for the purpose of CUTPA." *Drybrough v. Acxiom Corp.*, 172 F.Supp. 2d 366, 369 (D.Conn. 2001) (quoting *Quimby v. Kimberly Clark Corp.*, 28 Conn. App. 660 (Conn. 1992)). Generally in order to "determine whether certain actions fall within or outside the employment relationship, the defendant's conduct – not the employment relationship – is dispositive." *Id.* (citation omitted); *see also, e.g., Larsen Chelsey Realty Co. v. Larsen*, 232 Conn. at 480 (holding that allegations which concern actions lying outside the boundaries of the employer-employee relationship may under certain circumstances be brought under CUTPA).

In the case at bar, allegations that Defendants "repeatedly certif[ied] that prevailing wages were being paid to all employees on public works projects [while they] instead retain[ed] the prevailing wage premiums as profit" *could* certainly suggest damages to competitors through undercutting, as well as to taxpayers and other individuals, and *could* conceivably be found to fall within the above-enumerated requirements of the Cigarette Rule. However, Defendants' alleged practice of misreporting wages in bids for public works projects, which the Court takes as true for the purposes of adjudicating this Partial Motion to Dismiss, did not injure or cause damage to *Plaintiff*. Rather, Plaintiff's alleged injury and damages stem from what Plaintiff describes as a lack of proper wage and salary payments, a strictly employment-related matter which *underlay* any wage misreporting in public works projects bids rather than *resulted therefrom*. Simply put, then,

7

Defendants' fraud and misrepresentation as described in the Complaint did not *cause or result in* Plaintiff's damages. Pursuant to C.G.S.A. § 42-110g(a), "[a]ny person who suffers any ascertainable loss of money or property ... *as a result of the use or employment of a method, act or practice* prohibited by section 42-110b, may bring an action ... to recover damages." C.G.S.A. § 42-110g(a) (emphasis added).  Plaintiff's damages were not a *result* of any prohibited actions on the part of Defendants, and therefore Plaintiff, who alleges other employment-related causes of action against Defendants which are not the subject of this Partial Motion to Dismiss, is simply not "within the class of claimants which CUTPA is intended to protect." *See Gersich v. Enterprise Rent A Car*, 1995 WL 904917 at *5.[1]

Thus while it is sympathetic to Plaintiff's claims, the Court does not agree that Plaintiff, under the facts of the Complaint, may properly bring a CUTPA claim for Defendants' alleged

---

[1]   CUTPA's legislative history, which is thoroughly reviewed in the Connecticut Supreme Court decision of *Larsen Realty Co. v. Larsen*, 232 Conn. 480, further limits any reading of actions brought under the statute to those who have been harmed by a defendant's unfair trade or commerce practices:

> According to Representative Howard A. Newman, who reported the CUTPA legislation out of committee to the House of Representative, the act 'gives honest businessmen great protection [against] deceptive or unscrupulous [businessmen] who by unfair methods of competition and deceptive advertising, etc., unlawfully divert trade away from law abiding businessmen.' ... Other supporters of the bill made similar comments ... [for example the] remarks of Stuart Dear, a member of the board of directors of the Connecticut Consumer Association (CUTPA will 'assist the businessmen in not losing out to those members of the business community who won't play fair'....). [Or for example the] remarks of Assistant Attorney General Robert M. Langer (CUTPA covers transactions 'between one business and another business.')

*Id.* at 497-98.

misreporting of wages in public works projects bids.[2]  The Court recognizes that Plaintiff has in his Complaint alleged many of the elements of a CUTPA claim; ultimately, however, Plaintiff's lack of standing cannot be overcome.  Plaintiff, under the facts that have been provided to the Court, is not within the class of persons whom CUTPA protects with respect to the incidents which give rise to this lawsuit.  The overall character of this matter, and of Defendants' alleged actions insofar as they impacted and damaged Plaintiff, is fundamentally based upon – and limited to – an employer-employee relationship between Plaintiff and Defendants.  Consequently, the Court GRANTS Defendants' Partial Motion to Dismiss and DISMISSES Count Three of Plaintiff's Amended Complaint.

It is SO ORDERED.

Dated: New Haven, Connecticut
February 10, 2014

                                                                                      */s/ Charles S. Haight, Jr.*
Charles S. Haight, Jr.
Senior United States District Judge

---

[2]  This is not to say that others could not bring a CUTPA claim on the same facts, were such individuals or entities differently positioned with respect to Defendants' alleged actions.