# EXHIBIT 2

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| Zbigniew Matysiak, | : | 3:10-CV-01841 (CSH) |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| Spectrum Services Co., Inc. et al, | : | JANUARY 21, 2014 |
| Defendants. | : | |

## DEFENDANT, SPECTRUM SERVICES COMPANY, INC.'S, RESPONSES AND OBJECTIONS TO PLAINTIFF'S REQUESTS FOR ADMISSIONS

The Defendant, Spectrum Services Company, Inc., hereby submits its responses and objections to the Plaintiff's Requests for Admissions.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

Spectrum objects to the Definitions and Instructions to the extent that that they are vague, ambiguous and/or impose upon Spectrum greater obligations than otherwise required pursuant to the FRCP and the applicable scheduling order.

REQUEST FOR ADMISSION NO. 1:

Please admit that at all times relevant to this lawsuit, you did not pay Plaintiff overtime premium pay for any hours worked over forty in a workweek.

**OBJECTION:**

**Defendant objects to the extent that this admission implies that the Plaintiff was an "employee" of Defendant.**

**RESPONSE:**

**Subject to and without waiving any objections, the Plaintiff was not paid**

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Zbigniew Matysiak, | : | 3:10-CV-01841 (CSH) |
| Plaintiff, | : | |
| v. | : | |
| Spectrum Services Co., Inc. et al, | : | APRIL 25, 2014 |
| Defendants. | : | |

## RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSIONS

The Defendants, Spectrum Services Company, Inc. and Majid Shamas, hereby submit their supplemental responses and objections to the Plaintiff's Requests for Admissions.

REQUEST FOR ADMISSION NO. 2:

Please admit that at all relevant times to this lawsuit, Plaintiff was engaged in commerce and/or in the production of goods for commerce.

**OBJECTION (#1):**

**Defendant objects to the extent that this admission seeks to place the alleged employment claims at issue within the scope of "commerce" as defined by the Connecticut Unfair Trade Practices Act ("CUTPA") § 42-110a.**

**OBJECTION (#2):**

**The defendants object to the request to the extent that this request for admission seeks to place the alleged claims at issue within the scope of**

"commerce" as defined by the Fair Labor Standards Act.

**OBJECTION (#3):**

The defendants also object to this request because it calls for a legal conclusion.

REQUEST FOR ADMISSION NO. 3:

Please admit that at all times relevant to this lawsuit you were an enterprise engaged in commerce or in the production of goods for commerce.

**OBJECTION (#1):**

Defendant objects to the extent that this admission seeks to place the alleged employment claims at issue within the scope of "commerce" as defined by the Connecticut Unfair Trade Practices Act ("CUTPA") § 42-110a

**OBJECTION (#2):**

The defendants object to the request to the extent that this request for admission seeks to place the alleged claims at issue within the scope of "commerce" as defined by the Fair Labor Standards Act.

**OBJECTION (#3):**

The defendants also object to this request because it calls for a legal conclusion.

REQUEST FOR ADMISSION NO. 5:

Please admit that Plaintiff performed work for you on public works projects where you were a contractor or subcontractor.

2

**RESPONSE:**

**Denied.  With the exception of one prevailing wage project (University of Connecticut School of Pharmacy) in which Plaintiff worked 1-2 days in error, Plaintiff did not perform services for any prevailing wage projects to the best of the Defendant's knowledge and belief.  Additionally, the University of Connecticut School of Pharmacy project occurred before 2007—the applicable statute of limitations period.**

REQUEST FOR ADMISSION NO. 6:

Please admit that at all times relevant to this lawsuit, you did not pay Plaintiff prevailing wages for work performed on public works projects.

**RESPONSE:**

**Denied.  With the exception of one prevailing wage project (University of Connecticut School of Pharmacy) in which Plaintiff worked 1-2 days in error, Plaintiff did not perform services for any prevailing wage project to the best of the Defendant's knowledge and belief.  The University of Connecticut School of Pharmacy project occurred before 2007—the applicable statute of limitations period.**

REQUEST FOR ADMISSION NO. 8:

Please admit that between 2001 and 2010, your annual sales volume as defined by 29 U.S.C. 203(s)(1)(A)(ii) exceeded $500,000.00.

**OBJECTION:**

3

Defendant objects to the extent the admission assumes that the Defendant had any "sales volume" via the sale of products.  Furthermore, the Defendant objects to the scope of the question as it seeks information from a time-period that is beyond the scope of any applicable statute of limitations period.

**OBJECTION (#2):**

Defendants also object to this request to the extent it calls for a legal conclusion.

**RESPONSE:**

Subject to and without waiving any objections, the request is denied but the Defendants state that between the relevant years, from 2007 through 2010, Spectrum's annual gross revenues exceeded $500,000.00.

**THE DEFENDANT,
SPECTRUM SERVICES CO., INC.**

Lisa A. Zaccardelli (ct07983),
Luke R. Conrad (ct28977),
Nick R. Valenta (ct29407)
**Hinckley, Allen & Snyder LLP**
20 Church Street
Hartford, Connecticut  06103
Telephone (860) 331-2862
Facsimile (860) 278-2863
E-mail:  nvalenta@hinckleyallen.com
-Its Attorneys-

4

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| Zbigniew Matysiak, | 3:10-CV-01841 (CSH) |
| Plaintiff, | |
| v. | |
| Spectrum Services Co., Inc. et al, | January 21, 2014 |
| Defendants. | |

## DEFENDANT, SPECTRUM SERVICES COMPANY, INC.'S, RESPONSES AND OBJECTIONS TO PLAINTIFF'S INTERROGATORIES

The defendant, Spectrum Services Company, Inc., ("Spectrum") hereby responds

to the plaintiff, Zbigniew Matysiak's, First Set of Interrogatories.

### OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

Spectrum objects to the Definitions and Instructions to the extent that that they

are vague, ambiguous and/or impose upon Spectrum greater obligations than otherwise

required pursuant to the FRCP and the applicable scheduling order.

### GENERAL OBJECTIONS

A.     Spectrum objects to these discovery demands to the extent that they call

for information that is protected by the attorney-client, work-product, joint-defense or

other applicable privileges, including materials that reflect trade secrets, confidential

commercial, business or other proprietary information.  Spectrum does not waive and

intends to preserve the attorney-client privilege, the work-product privilege and every

other applicable privilege with respect to each and every document protected by such a

privilege.

52259139 v1

B. Spectrum objects to these discovery demands to the extent that they call for communications between it and its counsel or for documents created by its counsel. Spectrum objects to any request that it produce a privilege log for documents exchanged between it and its counsel or documents created by or at the direction of its counsel.

C. Spectrum objects to these discovery demands to the extent that they are overly broad, vague, ambiguous, oppressive or would require an unreasonable investigation by it. Spectrum further objects to these discovery demands to the extent they impose an undue burden upon it and fail to lead to the discovery of admissible evidence.

D. By answering certain interrogatories, Spectrum does not concede the relevancy, materiality or admissibility of any request or the subject to which it relates. Spectrum's responses are made subject to and without waiving any objections as to relevancy, materiality or admissibility.

E. Inadvertent production of privileged information by Spectrum shall not constitute waiver of any applicable privilege or doctrine, including, but not limited to, objections on the basis of competency, confidentiality, relevance, materiality, privilege, work product and/or admissibility as evidence, as such objections may apply at trial or otherwise in this action.

F. These responses and objections are based upon the documents currently located by and available to Spectrum, and it reserves the right to modify and/or supplement its responses and objections.

G. Spectrum objects to these discovery demands on the grounds that they

2

have failed in many instances to identify any time limitation that governs a particular demand, rendering it overly broad and unduly burdensome.

H.     By responding to these discovery demands, Spectrum does not adopt any of the characterizations made therein.

I.     The applicable foregoing general objections are incorporated into each of the specific objections and responses that follow.  The stating of a specific objection or response shall not be construed as a waiver of any of these general objections.

J.     Spectrum objects to these discovery demands to the extent that they may otherwise be construed to require responses beyond those required under applicable law.

### RESPONSES AND OBJECTIONS TO INTERROGATORIES

#### INTERROGATORY NO. 1:

Please identify each person from whom information or documents were obtained to respond to Plaintiff's written discovery requests, or who assisted in preparing the responses and objections to said discovery requests.

#### OBJECTION:

Defendant objects to this interrogatory because it is overly broad, vague, ambiguous, oppressive, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Moreover, Defendant objects to this interrogatory to the extent it calls for information that is protected by the attorney-client, work-product privilege and/or joint defense privilege.

#### RESPONSE:

Subject to and without waiving any objections:  Majid Shamas - Spectrum

3

In your answer please list: the dates and hours worked; the type of work performed; the location where work took place; the wages paid; the identity of the person who assigned the work; the identity of the person who supervised the work; and the identity of the person who recorded the number of hours worked.

## OBJECTION:

Defendant objects to this interrogatory because it is overly broad, oppressive, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Additionally, the Defendant objects to the extent that the interrogatory seeks information from a time-period that is beyond the scope of any applicable statute of limitations period. Furthermore, Defendant objects to the extent that the information is already in the possession of the Plaintiff and can be obtained by him with greater facility than it could otherwise be obtained by the Defendant. Additionally, Defendant objects to the extent that the information sought by this interrogatory is equally available from the documents produced in this litigation.

## RESPONSE:

Subject to and without waiving any objections:

Xerox, Wesleyan University, Blue Back Square, Middlesex Hospital, Ashlar Village, Choate Rosemary Hall, Science Park, Rockbestos, Manchester Memorial Hospital, Clark Science Center, Murtha Culina Offices, Demusz Manufacturing, Darien Country Club and Whitney Center.

## INTERROGATORY NO. 5:

Please identify each person who prepared or assisted in preparing your payroll records and paychecks at any time from 2001 through 2009.

**OBJECTION:**

**Defendant objects to this interrogatory because it is overly broad, oppressive, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Additionally, the Defendant objects to the extent that the interrogatory seeks information from a time-period that is beyond the scope of any applicable statute of limitations period. Furthermore, Defendant objects to the extent the interrogatory implies that the Plaintiff was entitled to be on the payroll records of Spectrum.**

**RESPONSE:**

**Subject to and without waiving any objections, Ms. Tracy Schmitt, Office Manager, was in charge of preparing checks to independent contractors for services rendered from 2007 – 09. Additionally, Primepay of Connecticut, Inc., was the company Spectrum utilized in preparing its payrolls for individuals classified as employees.**

INTERROGATORY NO. 6:

Please state the name, address, job title, and brief job description of each and every person having decision-making functions of any kind concerning recruitment, hiring, orientation, assignment, supervision, overseeing, or inspection of work performed for you or on your behalf from 2001 through 2009.

**OBJECTION:**

7

Defendant objects to this interrogatory because it is overly broad,
oppressive, unduly burdensome and not reasonably calculated to lead to the
discovery of admissible evidence. Additionally, the interrogatory seeks
information from a time-period that is beyond the scope of any applicable statute
of limitations period. Furthermore, Defendant objects to the extent the
interrogatory implies that there was an employer-employee relationship.

### RESPONSE:

Subject to and without waiving any objections: Antoni Baranowski –
Superintendent for Spectrum; Majid Shamas.

### INTERROGATORY NO. 7:

Please identify each person who served as your accountant or tax preparer at
any time from 2001 to the present.

### OBJECTION:

Defendant objects to this interrogatory because it is overly broad,
oppressive, unduly burdensome and not reasonably calculated to lead to the
discovery of admissible evidence. Additionally, the interrogatory seeks
information from a time-period that is beyond the scope of any applicable statute
of limitations period.

### RESPONSE:

Subject to and without waiving any objections: Daniel Durkee of Daniel E.
Durkee, CPA, LLC.

### INTERROGATORY NO. 8:

Please identify all software programs and other electronic systems that you used

8

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Zbigniew Matysiak, | : | 3:10-CV-01841 (CSH) |
| Plaintiff, | : | |
| v. | : | |
| Spectrum Services Co., Inc. et al, | : | April 25, 2014 |
| Defendants. | : | |

## DEFENDANTS SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFF'S INTERROGATORIES

The defendants, Spectrum Services Company, Inc. ("Spectrum") and Majid Shamas, hereby submit their supplemental responses and objections to Plaintiff's Interrogatories.

INTERROGATORY NO. 2:

Please identify each type of document which you made, kept, or preserved relating to the employment, hiring, work terms, labor, earnings, deductions, insurance, or benefits of any employee.

**OBJECTION (#1):**

**Defendant objects to this interrogatory because it is overly broad, vague, ambiguous, oppressive, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Moreover, Defendant objects to the extent that the information sought by this interrogatory is equally available from the documents produced in this litigation and that it calls for information that is**

**protected by the attorney-client, work-product privilege and/or joint defense privilege.  Defendant further objects on the ground that the Defendant is prohibited from disclosing confidential personnel information of employees other than the Plaintiff because such information is protected by applicable privacy and personnel records laws.**

**OBJECTION (#2):**

**The current action is not a collective action under the FLSA.  Therefore, what is relevant is how Spectrum treated the plaintiff individually.  Accordingly, the defendants take issue with Interrogatory No. 2 to the extent that it requests information regarding "any employee."**

**RESPONSE:**

**Without waiving said objections, and without limiting said response, with respect to the plaintiff, individually, the defendant utilized Quickbooks, Microsoft Word and Excel.  The defendants kept track of job costs utilizing these programs for each project.**

INTERROGATORY NO. 3:

Please identify by name, address and telephone number, any person who has or may have knowledge of any relevant facts or discoverable matter relating to the subject of this lawsuit and state the substance of the knowledge that you believe or have reason to believe each of these persons may have.  This Interrogatory includes but is not limited to the following persons: Matthew Shamus, Tracy Schmitt, Christine Wyzga, Antoni Baranowski, Marek Nowak, Marek Morawski, Gabriel Morawski, Randy Smith,

2

**Arthur Pichette:  The defendants do not possess any records with respect to this individual.**

**Michael Pawloski: The defendants do not possess any records with respect to this individual.**

**Albert Bechtold:    The defendants do not possess any records with respect to this individual.**

**Josh Comfort:   The defendants do not possess any records with respect to this individual.**

**David Parker:  The defendants do not possess any records with respect to this individual.**

**Scott Murray: The defendants do not possess any records with respect to this individual.**

INTERROGATORY NO. 4:

Please explain in detail all work performed for you or on your behalf by Plaintiff. In your answer please list: the dates and hours worked; the type of work performed; the location where work took place; the wages paid; the identity of the person who assigned the work; the identity of the person who supervised the work; and the identity of the person who recorded the number of hours worked.

**OBJECTION:**

**Defendant objects to this interrogatory because it is overly broad, oppressive, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Additionally, the Defendant objects to the**

5

extent that the interrogatory seeks information from a time-period that is beyond the scope of any applicable statute of limitations period.  Furthermore, Defendant objects to the extent that the information is already in the possession of the Plaintiff and can be obtained by him with greater facility than it could otherwise be obtained by the Defendant.  Additionally, Defendant objects to the extent that the information sought by this interrogatory is equally available from the documents produced in this litigation.

<u>RESPONSE:</u>

Subject to and without waiving any objections, please see the documents previously provided on March 31, 2014 outlining all of the projects that Mr. Matysiak worked on between the years 2007 and 2010.  (DEF000073-000076.)


<u>INTERROGATORY NO. 10</u>:

Please describe by category and location all electronically stored information concerning the claims and defenses in this case.

<u>OBJECTION:</u>

Defendant objects to this interrogatory because it is overly broad, oppressive, unduly burdensome.  Additionally, the interrogatory seeks information from a time-period that is beyond the scope of any applicable statute of limitations period.

<u>RESPONSE:</u>

There is one computer in Spectrum's main office.

6

available.  (We previously provided you with DEF000077-000081.)

INTERROGATORY NO. 14:

Identify each person with knowledge of the facts surrounding your decision to terminate plaintiff's employment in or around September 2009.

**OBJECTION:**

**Defendant objects to this interrogatory because it is overly broad, oppressive, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Moreover, Defendant objects to the extent the interrogatory calls for information that is protected by the attorney-client, work-product privilege and/or joint defense privilege.  Additionally, the interrogatory seeks information from a time-period that is beyond the scope of any applicable statute of limitations period.  Furthermore, the Defendant objects to the extent the interrogatory implies that the Plaintiff was ever an employee of the Defendant who was subject to termination.**

**RESPONSE:**

**Subject to and without waiving any objection, the Plaintiff was not terminated.  Plaintiff's services were simply no longer needed.**

8

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Zbigniew Matysiak, | : | 3:10-CV-01841 (CSH) |
| Plaintiff, | : | |
| v. | : | |
| Spectrum Services Co., Inc. et al, | : | January 23, 2014 |
| Defendants. | : | |

### DEFENDANT, SPECTRUM SERVICES COMPANY, INC.'S, RESPONSES AND OBJECTIONS TO PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS

The defendant, Spectrum Services Company, Inc., ("Spectrum") hereby responds to the plaintiff, Zbigniew Matysiak's, First Set of Requests for Production of Documents.

### OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

Spectrum objects to the Definitions and Instructions to the extent that that they are vague, ambiguous and/or impose upon Spectrum greater obligations than otherwise required pursuant to the FRCP and the applicable scheduling order.

### GENERAL OBJECTIONS

A.     Spectrum objects to these discovery demands to the extent that they purport to require it to create documents that are not already in existence.

B.     Spectrum objects to these discovery demands to the extent that they purport to impose any requirement on it to produce documents not within its current possession, custody or control.

C.     Spectrum objects to these discovery demands to the extent that they call for information that is protected by the attorney-client, work-product, joint-defense or

1

other applicable privileges, including materials that reflect trade secrets, confidential

commercial, business or other proprietary information.  Spectrum does not waive and

intends to preserve the attorney-client privilege, the work-product privilege and every

other applicable privilege with respect to each and every document protected by such a

privilege.

D.     Spectrum objects to these discovery demands to the extent that they call

for communications between it and its counsel or for documents created by its counsel.

Spectrum objects to any request that it produce a privilege log for documents

exchanged between it and its counsel or documents created by or at the direction of its

counsel.

E.     Spectrum objects to these discovery demands to the extent that they are

overly broad, vague, ambiguous, oppressive or would require an unreasonable

investigation by it.  Spectrum further objects to these discovery demands to the extent

they impose an undue burden upon it and fail to lead to the discovery of admissible

evidence.

F.     By producing requested documents, Spectrum does not concede the

relevancy, materiality or admissibility of any request or the subject to which it relates.

Spectrum's responses are made subject to and without waiving any objections as to

relevancy, materiality or admissibility.

G.     Inadvertent production of privileged information by Spectrum shall not

constitute waiver of any applicable privilege or doctrine, including, but not limited to,

objections on the basis of competency, confidentiality, relevance, materiality, privilege,

work product and/or admissibility as evidence, as such objections may apply at trial or

otherwise in this action.

  H. Documents that Spectrum indicates will be produced will be made available according to mutually convenient terms.

  I. These responses and objections are based upon the documents currently located by and available to Spectrum, and it reserves the right to modify and/or supplement its responses and objections.

  J. A statement that Spectrum will produce responsive documents does not constitute a representation that such documents exist or that Spectrum has possession, custody or control of such documents.  Rather, the statement indicates that if such documents exist and Spectrum has such documents in their possession, custody or control and production of such documents is not otherwise objected to by Spectrum, such documents will be produced in accordance with the terms herein.

  K. Spectrum objects to these discovery demands on the grounds that they have failed in many instances to identify any time limitation that governs a particular demand, rendering it overly broad and unduly burdensome.

  L. By responding to these discovery demands, Spectrum does not adopt any of the characterizations made therein.

  M. The applicable foregoing general objections are incorporated into each of the specific objections and responses that follow.  The stating of a specific objection or response shall not be construed as a waiver of any of these general objections.

  N. Spectrum objects to these discovery demands to the extent that they may otherwise be construed to require responses beyond those required under applicable law.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| Zbigniew Matysiak, | : | 3:10-CV-01841 (CSH) |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| Spectrum Services Co., Inc. et al, | : | April 25, 2014 |
| | : | |
| Defendants. | : | |

## DEFENDANTS' SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS

The defendants, Spectrum Services Company, Inc. ("Spectrum") and Majid Shamas, hereby provide their supplemental responses to the plaintiffs' Requests for Production of Documents.

## REQUEST FOR PRODUCTION NO. 1:

Any and all calendars, date books, logs or other documents which refer, pertain, or relate to assignment of work to your employees.

## OBJECTION (#1):

**Defendant objects to this request on the ground that the Defendant is prohibited from disclosing confidential personnel information of employees other than the Plaintiff because such information is protected by applicable privacy and personnel records laws.  The Defendant will only disclose such information subject to the entry of a stipulated confidentiality order.  Additionally, the Defendant objects to the extent that the request seeks information from a time-**

1

period that is beyond the scope of any applicable statute of limitations period.

OBJECTION (#2):

The current action is not a collective action under the FLSA. Therefore, what is relevant is how Spectrum treated the plaintiff individually. Accordingly, the defendants take issue with this Request to the extent that it seeks information regarding any and all employees. Should you provide us with any case law convincing us otherwise, we will agree to provide the same pursuant to the proposed confidentiality order which was previously supplied to you on March 31, 2014.

RESPONSE:

Subject to and without waiving any objections, the defendants previously produced: (DEF000001-000002; DEF000073-000076).


REQUEST FOR PRODUCTION NO. 2:

Any and all documents consulted or referred to in responding to Plaintiffs' First Set of Interrogatories or Requests for Admissions to you.

OJBECTION:

Defendant objects to this demand because it is overly broad, vague, ambiguous, oppressive, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Moreover, Defendant objects to this demand to the extent it calls for information that is protected by the attorney-client, work-product privilege and/or joint defense privilege.

RESPONSE:

2

52466573 v1

**To the extent that any documents were consulted or referred to in coming up with responses to Interrogatories 4 and 15, and in denying the Request for Admission No. 3, these documents have been produced.**

REQUEST FOR PRODUCTION NO. 4:

Any and all documents concerning any investigation of you by the United States or Connecticut Department of Labor, or other agency of the government, for violations of employment-related laws.

**OBJECTION:**

**Defendant objects to this demand because it is overly broad, vague, ambiguous, oppressive, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.**

**RESPONSE:**

**Subject to and without waiving any objections, documents that may be responsive to this request were previously produced (DEF000003-000022; DEF000071-000072; DEF000077-000081).  To the extent that there are any other investigations that occurred during the applicable time periods, such investigations will be produced once the defendants obtain the same from their outstanding FOI requests on an ongoing basis.**

REQUEST FOR PRODUCTION NO. 5:

Any and all correspondence, memoranda, or other documents between you and any other party to this lawsuit that relate to the subject matter of this lawsuit.

3

**OJBECTION:**

Defendant objects to this demand because it is overly broad, vague, ambiguous, oppressive, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Moreover, Defendant objects to this demand to the extent it calls for information that is protected by the attorney-client, work-product privilege and/or joint defense privilege.  Additionally, the Defendant objects to the extent that the request seeks information from a time-period that is beyond the scope of any applicable statute of limitations period.

**RESPONSE:**

To the extent that any such non-privileged documents exist, they have been produced.

REQUEST FOR PRODUCTION NO. 6:

Any and all copies of any compromise or settlement agreement that you have reached with any person, firm or organization, including any of the plaintiffs, that is in any way related to this lawsuit.

**OBJECTION:**

Defendant objects to the extent that the request seeks the disclosure of documents that are protected by the attorney-client privilege.  Furthermore, such settlement documents are not discoverable because they are not reasonably calculated to lead to the discovery of admissible evidence.  Furthermore, any possible settlement would have contained an agreement to maintain silence and confidentiality regarding the settlement and thus the defendant would be bound

4

by such an agreement.

**RESPONSE:**

Contingent upon the execution of the confidentiality agreement, the defendants will produce any settlement agreement that may have been reached that is related to this lawsuit.

REQUEST FOR PRODUCTION NO. 7:

Any and all documents, including but not limited to, general ledgers, cash receipts and cash disbursements, journals, balance sheets, cash flow statements, income statements, financial statements, income tax returns, franchise tax returns, bank statements or any other documents that concern or discuss your income or financial condition from 2001 to the present.

**OBJECTION:**

Defendant objects to the extent that the request is overly broad and unduly burdensome. Additionally, the Defendant objects to the extent that the request seeks information from a time-period that is beyond the scope of any applicable statute of limitations period and to the extent the request seeks confidential or proprietary business information.

**RESPONSE:**

Subject to and without waiving any objections, documents that may be responsive to this request have previously been produced. (DEF000001-000002; DEF000023-000070.) Additionally, the defendants state that from 2007 through 2010, annual gross revenues exceeded $500,000.00.

5

REQUEST FOR PRODUCTION NO. 13:

Any and all documents that refer, pertain, or relate to work performed by Plaintiff, including, but not limited to, dates and hours worked, wages earned, payments made to Plaintiff, names of clients and projects, and whether the work was performed on a public works project.

**OJBECTION:**

**Defendant objects to this demand because it is overly broad, vague, ambiguous, oppressive, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Furthermore, Defendant objects to the extent the demand seeks information already in the possession of the Plaintiff.  Additionally, Defendant objects to the extent the demand calls for information that is protected by the attorney-client, work-product privilege and/or joint defense privilege and to the extent the request seeks information from a time-period that is beyond the scope of any applicable statute of limitations period.**

**RESPONSE:**

**Subject to and without waiving said objections, documents that may be responsive to this request were previously produced.  (DEF000001-000002; 000073-000076.)**

6

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Zbigniew Matysiak, | : | 3:10-CV-01841 (CSH) |
| Plaintiff, | : | |
| v. | : | |
| Spectrum Services Co., Inc. et al, | : | May 9, 2014 |
| Defendants. | : | |

## DEFENDANTS' SECOND SET OF SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS

The defendants, Spectrum Services Company, Inc. ("Spectrum") and Majid Shamas, hereby provide their second set of supplemental responses to the plaintiffs' Requests for Production of Documents.

REQUEST FOR PRODUCTION NO. 4:

Any and all documents concerning any investigation of you by the United States or Connecticut Department of Labor, or other agency of the government, for violations of employment-related laws.

**OBJECTION:**

**Defendant objects to this demand because it is overly broad, vague, ambiguous, oppressive, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.**

**RESPONSE:**

**Subject to and without waiving any objections, documents that may be**

1

responsive to this request were previously produced (DEF000003-000022; DEF000071-000072; DEF000077-000081).  To the extent that there are any other investigations that occurred during the applicable time periods, such investigations will be produced once the defendants obtain the same from their outstanding FOI requests on an ongoing basis.  (DEF000083-000138).


THE DEFENDANT,
SPECTRUM SERVICES CO., INC.


Lisa A. Zaccardelli (ct07983),
Luke R. Conrad (ct28977),
Nick R. Valenta (ct29407)
**Hinckley, Allen & Snyder LLP**
20 Church Street
Hartford, Connecticut  06103
Telephone (860) 331-2862
Facsimile (860) 278-2863
E-mail:  nvalenta@hinckleyallen.com
-Its Attorneys-

2