IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

-------------------------------------------------------X
:
ZBIGNIEW MATYSIAK           :           3:10 CV 1841 (CSH)
:
V.                          :
:
SPECTRUM SERVICES CO., INC. ET AL.    :    DATE: AUGUST 4, 2014
:
-------------------------------------------------------X

## RULING ON PLAINTIFF'S MOTION TO COMPEL AND ON PLAINTIFF'S MOTION TO REOPEN DISCOVERY FOR THIRTY DAYS

On November 24, 2010, plaintiff first commenced this lawsuit (Dkt. #1), followed by his First Amended Complaint filed on October 28, 2013, against defendants Spectrum Services Company, Inc. ["defendant Spectrum"] and its president, Matthew M. Shamas. (Dkt. #53). In his Amended Complaint, plaintiff alleges that he was a painter for defendants from March 2001 until September 25, 2009, during which defendants did not pay him time-and-one-half for overtime and paid him hourly wages that were substantially lower than the prevailing wage for painters employed on Connecticut public works projects. The Amended Complaint alleges three causes of action: violation of the Fair Labor Standards Act ["FLSA"], 29 U.S.C. § 201 et seq. and of the Connecticut overtime statute, CONN. GEN. STAT. § 31-58 et seq. (Count One); violation of the Connecticut statute regarding prevailing wages, CONN. GEN. STAT. § 31-53 (Count Two); and violation of the Connecticut Unfair Trade Practices Act, CONN. GEN. STAT. § 42-110b et seq. (Count Three).[1] On February 20, 2014, defendants filed their Answer, Affirmative Defenses, and Counterclaims (Dkt. #63), as to which plaintiff filed his reply on March 13, 2014. (Dkt. #64).

---

[1] On August 28, 2013, defendants filed their Motion to Dismiss Count Three (Dkt. #48), which was granted by Senior U.S. District Judge Charles S. Haight, Jr. on February 10, 2014. (Dkt. #62). Thus, only Counts One and Two remain in this lawsuit.

On June 4, 2014, plaintiff filed the pending Motion to Compel Answers and Responses to First Set of Discovery and brief in support. (Dkt. #70).[2] On July 2, 2014, defendant Spectrum filed its brief in opposition. (Dkt. #73;[3] see also Dkts. ##71-72). Three weeks later, plaintiff filed his reply brief (Dkt. #81; see also Dkts. ##77-78); and with court permission, on August 4, 2014, defendant Spectrum filed its sur-reply brief. (Dkt. #89; see Dkts. ##86-87). On July 11, 2014, Senior U.S. District Judge Charles S. Haight, Jr. referred this motion to this Magistrate Judge. (Dkt. #76).

On July 24, 2014, plaintiff filed the pending Motion to Reopen Discovery for Thirty Days (Dkt. #84), as to which defendants filed their brief in opposition on August 1, 2014. (Dkt. #88).

I. DISCUSSION

A. PLAINTIFF'S MOTION TO COMPEL (Dkt. #70)

Plaintiff's motion concerns sixteen discovery requests – Plaintiff's First Request for Admissions, Nos. 2, 3 and 8; Plaintiff's First Set of Interrogatories Nos. 2, 4, 5, 6, 14 and 15;[4]

---

[2]The following six exhibits are attached to plaintiff's brief: affidavit of plaintiff's counsel, sworn to June 4, 2014 (Exh. 1); copy of Defendant Spectrum's Responses and Objections to Plaintiff's Requests for Admission and copy of Defendant Spectrum's Responses and Objections to Plaintiff's Interrogatories, both dated January 21, 2014, copy of Defendants' Supplemental Responses and Objections to Plaintiff's Interrogatories, dated April 25, 2014, copy of Defendant Spectrum's Responses and Objections to Plaintiff's Requests for Production of Documents, dated January 23, 2014, copy of Defendants' Supplemental Responses and Objections to Plaintiff's Requests for Production of Documents, dated April 25, 2014, and copy of Defendants' Second Set of Supplemental Responses and Objections to Plaintiff's Requests for Production of Documents, dated May 9, 2014 (Exh. 2); and copies of correspondence between counsel, dated March 18 & 31, and April 16 & 25, 2014, with copies of plaintiff's Job Checks (September 2007 through December 2013), copy of the Confidentiality Stipulation and Protective Order, dated March 31, 2014, copy of FOIA Response, dated March 26, 2014, from Connecticut Wage and Workplace Standards Division, copies of Case Information pages, copy of Summary of Investigation Finding, and copy of plaintiff's paystub attached (Exhs. 3-6).

[3]Attached as Exh. 1 are excerpts from plaintiff's deposition, taken on March 18, 2014.

[4]Interrogatory No. 15 is not listed in plaintiff's motion (Dkt. #70, at 1), but is addressed in plaintiff's brief. (Dkt. #70, Brief at 3).

and Plaintiff's First Set of Requests for Production of Documents Nos. 1, 2, 4, 5, 6, 7 and 13. (Dkt. #70, at 1 & Brief at 1-20).

### 1. TEMPORAL ISSUES

At issue in eleven of these discovery requests is whether defendant Spectrum is obligated to respond with respect to the years 2001-10, as requested by plaintiff, or whether its responses are limited to the years 2007-10, corresponding to the three-year statute of limitations, as argued by defendant Spectrum.  (See Dkt. #73, at 5, n.2).[5]  According to plaintiff, discovery beyond the three-year statute of limitations is appropriate because plaintiff has alleged that the doctrine of equitable estoppel applies here, in light of defendants' "repeated misrepresentations to [p]laintiff" and further is relevant to the issue of mens rea, on which the length of the statute of limitations (two years versus three years), liquidated damages under FLSA, and double damages under Connecticut law all turn.  (Dkt. #70, Brief at 2-6; see also Dkt. #81, at 1-4).[6]

Defendant Spectrum, in turn, argues that federal case law establishes that discovery in FLSA cases is limited to three years under the applicable statute of limitations; that the doctrine of equitable estoppel cannot be applied "to completely sidestep the applicable statute of limitations[]"; and that plaintiff "has failed to provide a scintilla of evidence to support an invocation of [this] sparingly used equitable remed[y], despite the case pending in the Court for over three and a half years[.]" (Dkt. #73, at 2-4, 5-8, 11-19; see also Dkt. #89, at 1-4).

---

[5]Defendant Spectrum identifies No. 2 as the disputed Request for Admission, but it is actually No. 8. (Dkt. #73, at 5, n.2).

[6]Plaintiff originally had argued that information regarding these additional years was also relevant to the doctrine of equitable tolling (Dkt. #70, Brief at 4-7), but is not pursuing that argument. (Dkt. #81, at 2; Dkt. #89, at 2).

Defendant Spectrum relies upon two decisions by the same Magistrate Judge in the District of Kansas, who held that "[a]s the FLSA allows for recovery for willful violations for a period of three years, the Court finds that discovery covering the three-year period prior to [p]laintiffs' termination to be a reasonable discovery period." Long v. Landvest Corp., No. Civ. A. 04-2025-CM-DJ, 2006 WL 897612, at *7 (D. Kan. Mar. 31, 2006)(footnotes omitted), citing, inter alia, 29 U.S.C. 255, Hammond v. Lowe's Home Center, Inc., 216 F.R.D. 666, 672 n. 16 (D. Kan. 2003). See also Long, 2006 WL 897612, at *8 (defendants voluntarily provided six years of documents, three years preceding plaintiff's termination plus an additional three years since then).[7]

Where, however, a defendant raises an affirmative defense of good faith, the time frame for appropriate discovery may extend beyond three years. For example, in Henderson v. Holiday CVS, L.L.C., 269 F.R.D. 682, 685 (S.D. Fla. 2010), a class action lawsuit filed under the FLSA, the Magistrate Judge permitted discovery regarding all CVS stores in Florida, and in light of defendant's affirmative defense of good faith, held that "a time period of five (5) years prior to the case being filed is the most reasonable time period under the facts and circumstances presented in this case." Id. at 690, citing Long, 2006 WL 897612, at *7-8. See also Henderson, 269 F.R.D. at 690-91.  A similar conclusion was reached last year in Byard v. Verizon West Virginia, Inc., Civ. Action No. 1:11 CV 132, 2013 WL 30068, at *1 (N.D. W. Va. Jan. 2, 2013), a class action brought under the West Virginia Wage Payment and Collection Act with respect to the manner in which defendant "rounded" their employees' work hours.  In Byard, plaintiffs sought discovery from seven years prior to the filing date,

---

[7]None of the decisions addressed below were cited by either party.  The multiple cases discussed by counsel analyzed the substantive law of equitable estoppel, but not the discovery aspects of this pending motion.

"claiming the need for such discovery on the issue of willfulness under FLSA[,]" whereas defendant argued for three years, citing Long. Id. at *11-12. As the Magistrate Judge observed, "The burden for the court is always balancing the burden on the defendant against the clear relevance of the information being sought[,]" id. at *12 (citation omitted), but then held that defendants had failed to articulate any burden placed upon them by responding beyond the three year statute of limitations. Id. Plaintiffs argued that the "sole reason" defendants adopted the new "rounding" system was to "save them money on wages[,]" and that plaintiffs needed "information concerning the decision making process and rationales used or adopted" by defendants. Id. Neither side had advised the Court "precisely when the rounding system was put in place[,]" so that "[i]n the absence of such information, it seems reasonable and appropriate to limit the temporal scope" of the discovery requests to five years. Id. at *12-13. The Magistrate Judge explained:

> Such a time frame should allow for the capture of the corporate decision making process leading up to the actual implementation of the complained of practice (rounding). It should also capture any correspondence, manuals, drafts of manuals, policies, draft policies and/or complaints that may have been prepared or filed relating to the planned implementation and the execution of the rounding system or process. Such information is relevant to the willfulness issue.

Id. at *13.

As previously indicated, this is a single-plaintiff lawsuit, in which plaintiff argues that he is entitled to discovery for the ten year period of 2001 through 2010 in light of his allegations of equitable estoppel, and the issue of mens rea. (Dkt. #70, Brief at 2-6, 7-9). This Magistrate Judge must emphasize that it is not her role, in the context of ruling upon a discovery motion, to resolve the issue of whether the doctrine of equitable estoppel is applicable here, particularly in the absence of any evidence on this issue. As is clear from other cases under the FLSA, that issue will be resolved by Judge Haight either in the context

of a summary judgment motion, after "a fuller record" has been developed "following discovery on this issue[,]", see, e.g., Baba v. Grand Cent. P'ship, Inc., No. 99 CIV. 5818 (TPG), 2000 WL 1808971, at *3 (S.D.N.Y. Dec. 8, 2000), or perhaps at the trial itself, see, e.g., Seever v. Carrols Corp., 528 F. Supp. 2d 159, 170-71, n.6  (W.D.N.Y. 2007)(multiple citations omitted).  See also Upadhyay v. Sethi, 848 F. Supp. 2d 439, 446-47 (S.D.N.Y. 2012)(multiple citations omitted)(ordering separate evidentiary hearing after "targeted discovery" on the issue of equitable tolling has been completed), stay denied, No. 10 Civ. 8462 (NRB), 2012 WL 1195233 (S.D.N.Y. Apr. 5, 2012).

The Baba case presents a procedural issue somewhat similar to that here.  In Baba, the twenty-nine plaintiffs brought a FLSA action with respect to an employment program, entitled "Pathways to Employment" ["PTE"], that ran from 1989 through July 1996; the lawsuit was filed three years later, in late July 1999. 2000 WL 1808971, at *1.  Plaintiffs argued that defendants were precluded from raising the three-year statute of limitations as a defense, because of the doctrine of equitable estoppel.  Id.  Plaintiffs contended that defendants engaged in "misconduct" that caused plaintiffs to delay bringing their lawsuit, specifically that defendants had "promised certain types of enhanced training and employment which lulled some plaintiffs into believing that they did not need to assert any rights under the FLSA, which promises were subsequently broken." Id. at *2.  However, because "the allegations of broken promises . . . all relate to persons who were participants in the PTE program prior to July 1996 . . . and not afterwards[,] . . . there was at least a full three years for plaintiffs . . . in which they were not subjected to any of the alleged misconduct."  Id. at *2-3.  Thus, the district judge found that defendants had "shown conclusively, beyond any triable issue of fact[,]" that "[t]here [was] no reasonable basis for asserting equitable estoppel as to any period of time after July 1996." Id. at *3.

Turning then to the specific allegations here, plaintiff alleges in his Amended Complaint that throughout his employment, plaintiff "repeatedly" asked defendant Shamas to pay him the prevailing wage on public works projects, to which defendant Shamas responded "[e]ach time[]" that he would do so once plaintiff became a lawful permanent resident, that plaintiff became a lawful permanent resident on or around August 6, 2009, that when plaintiff showed defendant Shamas his "green card" and demanded the promised prevailing wage, plaintiff was terminated on or around September 25, 2009, that plaintiff had requested his personnel records from defendants' administrative staff in order to prepare for this lawsuit, and that in March 2010, defendants breached an agreement between the parties that plaintiff would return to work in exchange for $20,000. (Dkt. #53, ¶¶ 37-45; see also Dkt. #81, at 1-4). Thus, to the extent that plaintiff's equitable estoppel argument proves to be viable, it would extend back to August 2006, at most, that is, three years prior to plaintiff having obtained his "green card," which allegedly would have triggered his hourly wage to increase to the prevailing wage on public works projects. Therefore, plaintiff is entitled to discovery for the five years of 2006 to 2010.

Accordingly, plaintiff's motion to compel is granted in part with respect to Request for Admission No. 8, Interrogatories Nos. 4, 5, 6, 14 and 15, and Requests for Production Nos. 1, 4, 5, 7 and 13 for the additional year of 2006, and is denied in part for the additional years of 2001 through 2005.

### 2. SUBSTANTIVE ISSUES

The substance of fifteen discovery requests are also at issue: Request for Admissions Nos. 2, 3 and 8, Interrogatories Nos. 2, 4, 5, 6 and 14, and Requests for Production Nos. 1, 2, 4, 5, 6, 7 and 13. (Dkt. #70, at 6-19). Defendant Spectrum has responded that these discovery requests are improper because they seek legal conclusions or defendant has fully

complied with plaintiff's requests. (Dkt. #73, at 19-26).

### a.  FLSA COVERAGE (Requests for Admission Nos. 2, 3, 8)[8]

Last year, a Magistrate Judge in Florida held that in a FLSA case, the defendants were not required to admit that the FLSA and Florida Minimum Wage Act applied to its business and to plaintiff's work at the time she was employed by defendants because "[a]lthough Rule 36(a) authorizes a party to serve a request for admission relating to the application of law to fact, a party may not seek an admission as to a pure conclusion of law[,]" and the four requests at issue "improperly [sought] admissions of pure legal conclusions."  Perez v. Aircom Mgmt. Corp., Inc., No. 12-60322-CIV, 2013 WL 45895, at *2 (S.D. Fla. Jan. 3, 2013). Requests for Admission Nos. 2 and 3 are virtually identical to the requests in Perez. Therefore, defendant Spectrum need not respond to these requests.

In addition, while defendant Spectrum objected to No. 8, without waiving its objections, it agreed to the substance of the request for the years 2007 through 2010, without reference to the statutory citation.  (Dkt. #70, Brief, Exh. 2).  Defendant Spectrum need only supplement its response to include the year 2006, as ordered in Section I.A.1. supra.

### b.  WAGE AND HOUR-RELATED INFORMATION (Interrogatories Nos. 2, 4, 5 and 6)[9]

A review of defendant Spectrum's January 21, 2014 and April 25, 2014 responses (Dkt. #70, Exh. 2) shows that although defendant did object to these four interrogatories, without waiving its objections, it did provide sufficient answers for the years 2007 through 2009 or 2010.  Defendant Spectrum need only supplement its responses to include the year

---

[8](See Dkt. #70, Brief at 6-7; Dkt. #73, at 19-20).

[9](See Dkt. #70, Brief at 7-11; Dkt. #73, at 20-22).

2006 for Nos. 4 and 5, as ordered in Section I.A.1. supra.

### c.  EQUITABLE ESTOPPEL (Interrogatory No. 14)[10]

Interrogatory No. 14 asked defendant Spectrum to identify each person with knowledge of the facts surrounding its decision to terminate plaintiff's employment in or around September 2009; defendant objected on several grounds, but without waiving its objections, responded simply: "Plaintiff was not terminated.  Plaintiff's services were simply no longer needed."  Plaintiff is correct that this response is inadequate – defendant is required to identify each person with knowledge of the facts surrounding its decision to end plaintiff's business relationship with it.

### d. SUBJECT MATTER OF LAWSUIT GENERALLY (Requests for Production Nos. 2 & 5)[11]

Defendant represents in its responses, dated January 23, 2014, that it has produced all non-privileged documents (Dkt. #70, Brief, Exh. 2) and repeats this representation in its brief in opposition.  (Dkt. #73, at 23-24).  Therefore, no further production is required.

### e.  WAGES, HOURS & WORK ASSIGNMENTS (Requests for Production Nos. 1 and 13)[12]

A review of defendant Spectrum's April 25, 2014 responses (Dkt. #70, Exh. 2) shows that although defendant did object to these two requests, without waiving its objections, it provided only six pages of documents relating solely to plaintiff.  The Magistrate Judge shares plaintiff's skepticism about the "dearth of responsive documents" for an individual with a long-term business relationship with defendants.  (Dkt. #70, Brief at 14-17).  Therefore, defendant Spectrum shall produce all non-privilege documents for these two

---

[10](See Dkt. #70, Brief at 11-12; Dkt. #73, at 22-23).

[11](See Dkt. #70, Brief at 13-14; Dkt. #73, at 23-24).

[12](See Dkt. #70, Brief at 14-17; Dkt. #73, at 24-25).


requests.

### f.  MENS REA (Requests for Production Nos. 4 & 6)[13]

A review of defendant Spectrum's January 21, 2014, April 25, 2014 and May 9, 2014 responses (Dkt. #70, Exh. 2) shows that although defendant did object to these two requests, without waiving its objections, it did provide such documents for No. 4 and promised to produce any additional documents obtained through a recent FOIA request, and agreed to produce any settlement agreements with plaintiff for No. 6 subject to a protective order.  Defendant Spectrum shall provide these additional documents it has obtained since May 9.

### g.  FLSA COVERAGE (Request for Production No. 7)[14]

A review of defendant Spectrum's April 25, 2014 responses (Dkt. #70, Exh. 2) shows that although defendant did object to this request, without waiving its objections, it did provide documentation, and acknowledged that its annual gross revenues for the years 2007 through 2010 exceeded $500,000.  Defendant need only supplement its response to include the year 2006, as ordered in Section I.A.1. supra.

### B.  PLAINTIFF'S MOTION TO REOPEN DISCOVERY FOR THIRTY DAYS (Dkt. #84).

After two previous extensions for the completion of discovery (Dkts. ##57, 61), under the latest scheduling orders, all discovery was to be completed by June 16, 2014 and dispositive motions were due by August 12, 2014. (Dkts. ##67, 82, 85).  Plaintiff filed his Motion to Compel (Dkt. #70) twelve days before the expiration of the discovery deadline.

On July 24, 2014, plaintiff filed this pending Motion to Reopen Discovery (Dkt. #84),

---

[13](See Dkt. #70, Brief at 18; Dkt. #73, at 25).

[14](See Dkt. #70, Brief at 18-19; Dkt. #73, at 25-26).

in which he seeks an additional thirty days from the filing of this ruling to complete discovery, including taking the deposition of defendant Shamas and a managing agent of defendant Spectrum. (Id. at 1-2).[15] Defendants object to plaintiff's motion as untimely and unwarranted. (Dkt. #88, at 1-4). In the alternative, defendants argue that if discovery is reopened, then plaintiff should be limited only to one deposition and no "additional paper discovery." (Id. at 4).

In that this ruling has ordered supplemental discovery responses from defendant, discovery must be reopened in that regard. Given the customary summer vacations taken by many during the month of August, defendant Spectrum shall respond as ordered in Section I.A. supra **on or before September 5, 2014**. Plaintiff shall not propound any additional discovery requests. Plaintiff may depose defendant Shamas and only if necessary, defendant Spectrum's managing agent, **on or before September 26, 2014**.[16]

## II. CONCLUSION

For the reasons in Section I.A.1. supra, regarding the temporal issues raised, plaintiff's Motion to Compel Answers and Responses to First Set of Discovery (Dkt. #70) is granted in part with respect to Request for Admission No. 8, Interrogatories Nos. 4, 5, 6, 14 and 15, and Requests for Production Nos. 1, 4, 5, 7 and 13 for the additional year of 2006, and is denied in part for the additional years of 2001 through 2005.

For the reasons stated in Section I.A.2. supra, regarding the substantive issues raised, plaintiff's Motion to Compel Answers and Responses to First Set of Discovery (Dkt. #70) is

---

[15] Plaintiff concedes that he should have filed this motion prior to June 16, 2014, but indicates that the parties have been waiting for this ruling (id. at 1), the final briefing for which was not completed until last week.

[16] Counsel are, of course, free to expedite this schedule, if their own vacation schedules, and those of their clients, do not conflict.

denied with respect to Requests for Admission Nos. 2 and 3, Interrogatories Nos. 2 and 6, and Requests for Production Nos. 2 and 5;

is granted in part with respect to Request for Admission No. 8, Interrogatories Nos. 4 and 5, and Request for Production No. 7 to add the year 2006; and

is granted with respect Interrogatory No. 14, and Requests for Production Nos. 1, 4, 6 and 13.

For the reasons stated in Section I.B. supra, plaintiff's Motion to Reopen Discovery for Thirty Days (Dkt. #84) is granted in part so that defendant shall provide the supplemental responses ordered in Section I.A. supra **on or before September 5, 2014**, plaintiff is not permitted to propound any additional discovery requests, and plaintiff may depose defendant Shamas, and only if necessary, defendant Spectrum's managing agent, **on or before September 26, 2014**.[17]

This is not a Recommended Ruling, but a ruling on a non-dispositive motion, the standard of review of which is specified in 28 U.S.C. § 636; FED. R. CIV. P. 6(a), 6(e) & 72; and Rule 72.2 of the Local Rules for United States Magistrate Judges.  As such, it is an order of the Court unless reversed or modified by the District Judge upon timely made objection.

This ruling is subject to review, see 28 U.S.C. § 636(b)**(written objections to ruling must be filed within fourteen calendar days after service of same);** FED. R. CIV. P. 6(a), 6(e) & 72; Rule 72.2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; Small v. Secretary, H&HS, 892 F.2d. 15, 16 (2d Cir. 1989)**(failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit).**

---

[17]If any counsel believes that a continued settlement conference before this Magistrate Judge (Dkt. #40) would be productive, he or she should contact Chambers accordingly.

Dated at New Haven, Connecticut, this 4th day of August, 2014.

                /s/ Joan G. Margolis, USMJ
               Joan Glazer Margolis
              United States Magistrate Judge